David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:  (602) 265-3332
Facsimile:   (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiff
Cameron O'Toole

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Cameron O'Toole | Case No: |
|---|---|
| Plaintiff, | **Class Action Complaint For Damages** |
| v. | |
| Valley Collection Service, LLC | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. Cameron O'Toole, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Valley Collection Service, LLC, ("Defendant" or "VCS"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

7. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

### JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of VCS's violations of the FDCPA, a strict liability federal statute designed to protect consumers from abusive debt collection by persons like VCS.

10. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendant conducted business within the State of Arizona.

**PARTIES**

13. Plaintiff is a natural person who resides in the City of Phoenix, State of Arizona.

14. Defendant is located in the City of Glendale, in the State of Arizona.

15. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

17. Sometime before May 15, 2017, Plaintiff is alleged to have incurred certain financial obligations to the City of Tempe Utilities.

18. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before May 15, 2017, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the alleged debt.

20. Subsequently, but before May 15, 2017, City of Tempe assigned, placed, or otherwise transferred the alleged debt to VCS for collection.

21. On or about May 15, 2017, Defendant sent Plaintiff a letter attempting to collect the alleged debt.

22. This letter was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

23. In Defendant's May 15, 2017 letter to Plaintiff, the language of which overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g(a), because it attempted to limit the rights available to Plaintiff in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g by stating:

> The above account has been assigned to this office for collection. Please remit payment in full of the current balance to this office in resolution of this matter. If this debt is not paid within 30 days from your receipt of this notice, we may exercise various options to enforce collection activity, including the reporting of this debt to credit reporting agencies…

24. The deadline imposed by Defendant as well as their threat enforce collection activity are misleading as it does not account for Plaintiff's ability to dispute the debt and to request verification and/or validation pursuant to 1692g, which would halt all collection activity pursuant to 15 U.S.C. § 1692g(b).

25. The purpose for this confusing language was to limit the rights available to Plaintiff in a manner that creates a contradiction that would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g.

26. This conduct was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

27. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

28. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

### CLASS ACTION ALLEGATIONS

29. Plaintiff bring this action on her own behalf, and on behalf of all others similarly situated.

30. This action pleads the following class action allegations.

> Plaintiff defines "The Class" as (i) all persons with addresses within the state of Arizona; (ii) who were sent an initial collection letter, which was similar or identical to Defendant's May 15, 2017 to Plaintiff; (iii) to recover a consumer debt; (iv) which were not returned undelivered by the United States Postal Service. The class period is one year prior to the filing of this Complaint.

31. For purposes of the FDCPA Claim, the class period is one year prior to the filing of the original Complaint.

32. There are more than 40 members of the class, and the class members are so numerous that joinder is impracticable.

33. The individual identities of the individual members are ascertainable through Defendants' records or by public notice.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    A) Whether Defendants violated the FDCPA;

    B) Whether members of the Class are entitled to the remedies under the FDCPA;

    C) Whether members of the Class are entitled to declaratory relief;

    D) Whether members of the Class are entitled to injunctive relief;

E) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

F) Whether the Class are entitled to any other remedies.

35. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

37. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

38. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

39. Class-wide damages are essential to induce Defendant to comply with Federal and State Law.

40. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

41. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

42. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

43. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) as to Plaintiff and each putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,          **Hyde & Swigart**

Date: July 14, 2017              By: */s/ David J. McGlothlin*
                                        David J. McGlothlin
                                        Attorneys for Plaintiff